# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISION

| | | |
|---|---|---|
| Donna H. Mixon, | ) | Civil Action No. 9:19-cv-00195-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Andrew M. Saul, *Commissioner of Social Security Administration*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This action arises from Plaintiff Donna H. Mixon's application to the Social Security Administration seeking disability insurance benefits ("DIB") under the Social Security Act ("the Act"), 42 U.S.C. § 405(g) (2019). The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision because "the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of [the Act] during the time period at issue." (ECF No. 15 at 23.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 15) and **AFFIRMS** the Commissioner's final decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 26 at 1–22.) Plaintiff applied for DIB in April 2015, claiming a disability onset date of June 1, 2014. (*Id.* at 1 (citing ECF Nos. 13; 6-6 at 2–17).) Her alleged disabilities are "lumbosacral spondylosis, degenerative arthritis, lumbar/lumbosacral IV disc, uns myalgia/myositis, sacroilitis, neuralgia, neuritis, radiculitis, arthritis, plantar fascitis both right and left, bunions both feet, and sciatica." (*Id.*) The Social Security Administration denied

1

Plaintiff's initial application and the subsequent request for reconsideration. (*Id.*) Plaintiff appeared before an Administrative Law Judge ("ALJ") in October 2017 seeking a review of her application. (*Id.* (citing ECF No. 6-2 at 25–45).) In February 2018, the ALJ issued an "Unfavorable Decision" that denied Plaintiff's request for DIB. (*Id.* (citing ECF No. 6-2 at 14–20).) The ALJ's findings of fact and conclusions of law are provided as follows:

> The claimant meets the insured status requirements of [the Act] through December 31, 2019.
>
> The claimant has not engaged in substantial gainful activity since June 1, 2014, the alleged onset date (20 C.F.R. § 404.1571, *et seq*.).
>
> The claimant has the severe impairment of degenerative disc disease (20 C.F.R. § 404.1520(c)).
>
> The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).
>
> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) with exceptions. The claimant is limited to light work with no climbing ladders, ropes, or scaffolds; occasionally climbing ramps and stairs; occasionally balancing, stooping, kneeling, crouching, and crawling; and avoiding unprotected heights.
>
> The claimant is capable of performing past relevant work as a cafeteria assistant manager and burler operator. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. § 404.1565).
>
> The claimant has not been under a disability, as defined in [the Act], from June 1, 2014, through the date of this decision (20 C.F.R. § 404.1520(f)).

(ECF No. 6-2 at 14–20.) The Appeals Council denied Plaintiff's appeal thereby rendering the ALJ's assessment to be the final decision of the Commissioner. (*Id.* at 1–2 (citing ECF No. 6-2 at 2–10).)

Plaintiff filed a Complaint on January 13, 2019. (ECF No. 1.) The Commissioner filed the

administrative record on May 29, 2019. (ECF No. 6.) Plaintiff filed a brief on June 28, 2019, claiming that "the ALJ erred by failing to properly evaluate the demands of her past relevant work, erred in only giving limited weight to the opinion of [her] treating physician, and erred in failing to properly access [her] subjective complaints. (ECF No. 15 at 4 (citing ECF No. 8).) In a brief filed on August 7, 2019, the Commissioner that the ALJ's decision is supported by substantial evidence. (ECF No. 10.) Plaintiff filed a timely response brief on September 2, 2019. (ECF No. 13.) The Magistrate Judge issued a Report on January 22, 2020, recommending that this court affirm the Commissioner's final decision. (ECF No. 15.) Plaintiff timely filed Objections to the Report on February 5, 2020. (ECF No. 16), to which the Commissioner filed a Reply generally opposing Plaintiff's Objections on February 19, 2020 (ECF No. 17).

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver

of the right to appeal from the judgment of the court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See id.*

## III. DISCUSSION

### A.  The Parties' Arguments

Plaintiff objects to "the Magistrate Judge's proposal that the ALJ's erroneous finding that [Plaintiff] is capable of performing her past relevant work as a cafeteria assistant manager should be deemed harmless." (ECF No. 16 at 1.) Moreover, Plaintiff "objects to the Magistrate Judge's proposal regarding the erroneous analysis of Dr. [Gunther] Rencken's opinion relied on by the ALJ." (*Id.* at 8.) Finally, Plaintiff "objects to the Magistrate Judge's recommendation that the ALJ properly evaluated her subjective complaints." (*Id.* at 10.)

The Commissioner asserts that the Magistrate Judge: (1) "correctly determined that Plaintiff could perform her past relevant work as a burler at step four"; (2) "correctly determined that the ALJ cited to valid reasons for discounting the opinion of her primary care physician"; and (3) "correctly determined that the ALJ's subjective statement analysis comported with [the] law and was supported by the evidence." (ECF No. 17 at 1, 3, 4.)

### B.  The Court's Review

#### 1.  *Harmless Error*

The Magistrate Judge determined that "even though the ALJ erred in his step four analysis regarding Plaintiff's past relevant work as a cafeteria assistant manager, [because] the ALJ also correctly found that Plaintiff could perform her past relevant work as a burler . . . the earlier error is not a basis for reversal of the decision." (ECF No. 15 at 12 (citing *Molina v. Berryhill*, 734 F. App'x 492, 495 (9th Cir. 2018); *Davis v. Astrue*, No. 07-231, 2008 WL 540899, at *3 (D.S.C. Feb.

22, 2008)).)

The United States Court of Appeals for the Fourth Circuit routinely applies the doctrine of harmless error in evaluating whether to remand a disability appeal based on an ALJ error. *See, e.g., Patterson v. Comm'r of Soc. Sec.*, 846 F.3d 656, 658 (4th Cir. 2017) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). Harmless error review is grounded in sound considerations of administrative policy to avoid "idle and useless formalit[ies]" by converting judicial review of agency action "into a ping-pong game." *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969). When an ALJ's decision "'is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time.'" *Bishop v. Comm'r of Soc. Soc.*, 583 F. App'x 65, 67 (4th Cir. 2014) (quoting *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010)); *see also Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (affirming Commissioner's final decision despite error because ALJ "would have reached the same result notwithstanding his initial error").

Here, the court finds that the Magistrate Judge correctly determinded that the ALJ's findings regarding Plaintiff's past relevant work are supported by substantial evidence and without error. First, the ALJ relied upon the vocational expert testimony and the Dictionary of Occupational Titles ("DOT") in making specific findings about the physical and mental demands of Plaintiff's past relevant work as a burler pursuant to Social Security Ruling ("S.S.R.") 82-62. *See Hamm v. Colvin*, No. 4:14-CV-03590-RBH, 2016 WL 536742, at *4 (D.S.C. Feb. 11, 2016) ("an ALJ may properly rely on the testimony of a vocational expert in lieu of himself describing the physical and mental demands of the past job.") Next, the Magistrate Judge did not err in finding that Plaintiff's past relevant work as a burler was not a composite job requirement . (ECF No. 15 at 11–12 (citing S.S.R. 82-61, 1982 WL 31387, at *2 ("[C]omposite jobs have significant elements of two or more

occupations and, as such, have no counterpart in the DOT.")).) Specifically, "there is no fundamental difference between using a hoist as described in the DOT or using a crane to move rolls of fabric as Plaintiff described." (ECF No. 15 at 11 (citing 6-2 at 20).) Finally, the Magistrate Judge also correctly concluded that a heavier lifting requirement was not a job element that fell outside the description of a burler, but merely described a variation of an existing element of the burler job, which limited Plaintiff to *generally* performing as a burler, not *actually* performing as one. (ECF No. 17 (citing ECF No. 15 at 11–12; S.S.R. 82-61, 1982 WL 31387, at *2 (providing that where the claimant can perform the job as generally performed, she will be found "not disabled" even though the claimant's former job as actually performed "involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy") (emphasis added)).)

Consequently, the court finds that there is no reason to remand on this record. *See Shinseki*, 556 U.S. at 407–10 (requiring the party attacking an administrative decision to prove that an error harmed her case)

### 2. *Treating Physician's Opinion*

The Report provides the Magistrate Judge's determination regarding Plaintiff's treating physician's opinion as follows: "after careful review of the decision and the applicable medical records pursuant to these standards, the undersigned can find no reversible error in the ALJ's treatment of the medical records and opinions from Dr. Rencken . . . [r]ather, the record supports the ALJ's findings with respect to Dr. Rencken's records and opinion. (ECF No. 15 at 14, 18 (citing *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964) (explaining that courts should scrutinize the record as whole to determine whether the conclusions reached are rational)).)

If a treating physician's opinion on the nature and severity of a claimant's impairments is

"well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(c)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). The ALJ may discount a treating physician's opinion if it is unsupported or inconsistent with other evidence, i.e., when the treating physician's opinion does not warrant controlling weight, but the ALJ must nevertheless assign a weight to the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record a whole; (5) specialization of the physician; and (6) other factors which tend to support or contradict the opinion, 20 C.F.R. § 404.1527(c). Similarly, where a treating physician has merely made conclusory statements, the ALJ may afford the opinion such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Craig*, 76 F.3d at 590 (holding there was sufficient evidence for the ALJ to reject the treating physician's conclusory opinion where the record contained contradictory evidence).

In any instance, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983) (stating that treating physician's opinion must be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition for a prolonged period of time"); 20 C.F.R. § 404.1527(c)(2). An ALJ determination coming down on the side of a non-examining, non-treating physician's opinion can stand only if the medical testimony of examining and treating physicians goes both ways. *Smith v. Schweiker*, 795 F.2d 343, 346 (4th Cir. 1986). Further, the ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. 20 C.F.R. § 404.1527(d).

However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. *Id*.

Here, after a thorough review of Plaintiff's Brief (ECF No. 8) and Response Brief (ECF No. 13), the Report (ECF No. 15), and Plaintiff's Objection (ECF No. 16), the court concludes that Plaintiff simply restates arguments that are adequately addressed by the Magistrate Judge. Notably, "[t]he purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Jones v. Hamidullah*, No. 2:05–2736–PMD–RSC, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005).

Therefore, a *de novo* review is unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution[.]" *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief).

### 3. *Subjective Complaints*

The Magistrate Judge concluded that Plaintiff's argument regarding the consideration of her subjective complaints are without merit. (ECF No. 15 at 22.) Specifically, "[w]hile Plaintiff objects to the ALJ's findings and believes there is evidence to support her claim of disability, this Court may not overturn a decision that is supported by substantial evidence just because the

record may contain conflicting evidence." (*Id.* (citing *Smith v. Chater*, 99 F.3d 635, 638 ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court"); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (finding that it is the responsibility of the ALJ, not the court, to weigh the evidence and resolve conflicts in that evidence); *Johnson v. Barnhardt*, 434 F.3d 650, 653 (4th Cir. 2005) ("In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence.")).)

"Under the regulations implementing the Social Security Act, an ALJ follows a two-step analysis when considering a claimant's subjective statements about impairments and symptoms." *Lewis v. Berryhill*, 858 F.3d 858, 865–66 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1529(b), (c), 416.929(b), (c)). "First, the ALJ looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms." *Id*. at 866 (citing 20 C.F.R. §§ 404.1529(b), 416.929(b)). "Second, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities." *Id*. (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)). The second determination requires the ALJ to consider "whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [the plaintiff's] statements and the rest of the evidence, including [her] history, the signs and laboratory findings, and statements by [her] treating or non-treating source[s] or other persons about how [her] symptoms affect [her]." 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).

Here, the court finds that, based on the record and evidence, the ALJ conducted a sufficient analysis of Plaintiff's subjective complaints in the assessment that supports the "Unfavorable Decision." *Bowen v. Yuckert*, 482 U.S. 137, 146 (holding that the claimant has the burden of showing that she has a disabling impairment).

## IV. CONCLUSION

For the reasons stated above, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 15) and **AFFIRMS** the Commissioner's final decision.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 26, 2020
Columbia, South Carolina